ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
WESLEY L. HSU (Cal. Bar No. 188015)
Assistant United States Attorney
Chief, Cyber and Intellectual Property Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3045
    Facsimile:  (213) 894-8601
    E-mail:     wesley.hsu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CORNELIU STEFAN WEIKUM,<br>et al.,<br><br>    Defendants. | No. CR 11-1237-SVW<br><br>PLEA AGREEMENT FOR DEFENDANT MARINA TALASHKOVA |

1.   This constitutes the plea agreement between MARINA TALASHKOVA ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

1

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count nineteen of the indictment in United States v. Corneliu Stefan Weikum, et al., CR No. 11-1237-SVW, which charges defendant with conspiracy to engage in laundering of monetary instruments, in violation of 18 U.S.C. § 1956(h).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c.  At the time of sentencing, move to dismiss the underlying indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in count nineteen of the indictment, that is, conspiracy to engage in laundering of monetary instruments, in violation of Title 18, United States Code, Section 1956(h), the following must be true: (1) there was an agreement between two or more persons to commit the crime of engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957; and (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it. Defendant admits that defendant is, in fact, guilty of this offense as described in count nineteen of the indictment.

3

5. The elements for the crime of engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957, are: (1) the defendant knowingly engaged or attempted to engage in a monetary transaction; (2) the defendant knew that the transaction involved criminally derived property; (3) the property had a value greater than $10,000; (4) the property was, in fact, derived from bank fraud, in violation of 18 U.S.C. § 1344(2), or wire fraud, in violation of 18 U.S.C. § 1343; and (5) the transaction occurred in the United States.

## PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1956(h), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that defendant will be required to pay full restitution to the victims of the offenses. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which defendant is pleading guilty and may include losses arising from counts pursuant to this agreement as well as all relevant conduct in connection with those counts. The parties currently believe that the applicable amount of restitution is approximately $350,000, but

recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under

some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown, but at least from July 18, 2007, and continuing to on or about November 15, 2010, defendant conspired with co-defendants Corneliu Stefan Weikum ("Weikum"), also known as "Nino," and Yulia Mishina ("Mishina") and other co-conspirators to open bank accounts and withdraw more than $10,000 in criminally-derived money deposited into the accounts. As defendant well knew, the purpose of the bank accounts was to create a repository for criminally-derived funds. The criminally-derived funds were obtained from unlawful activity, specifically, bank fraud, in

violation of 18 U.S.C. § 1344(2), and wire fraud, in violation of 18 U.S.C. § 1343.

To this end, prior to May 27, 2007, defendant met with co-defendants Weikum and Mishina and discussed a scheme to open bank accounts in the United States (hereinafter referred to as "subject bank accounts") that would be used to receive more than $10,000 in money derived from criminal activity, specifically a bank and wire fraud scheme involving the fraudulent "sale" through material misrepresentations of automobiles on the Internet to individuals who would transfer, via interstate wire, money from Federal Deposit Insurance Corporation ("FDIC") insured entities to the subject bank accounts but, as the conspirators always intended, who were never provided an automobile ("victim-purchasers"). The scheme is accurately described in paragraphs 1-7 and 10-35 in Count One of the First Superseding Indictment in this case.

Defendant's role in the scheme was to open the subject bank accounts, to withdraw (in increments less than $10,000 to avoid reporting requirements) over $10,000 in money derived from criminal activity (specifically victim-purchaser money) that was to be deposited into those accounts, and to transfer the criminally-derived funds to other conspirators. In some cases, defendant deposited money derived from criminal activity into a subject account in order to wire transfer the money outside of the United States.

In furtherance of this scheme, defendant engaged in the following overt acts, among others:

7

- On or about July 14, 2009, defendant made a cash withdrawal of $5,000 of victim-purchaser funds from a subject bank account while at the Desert Inn/Maryland Parkway branch of Bank of America, account number ending in 4190.

- On or about July 14, 2009, defendant made a cash withdrawal of $9,900 of victim-purchaser funds from a subject bank account while at the Flamingo Pincrest branch of Bank of America, account number ending in 4190.

- On or about July 14, 2009, defendant made a cash withdrawal of $9,900 of victim-purchaser funds from a subject bank account at Chase Bank, account number ending in 8638.

- On or about July 14, 2009, defendant made a cash withdrawal of $9,000 of victim-purchaser funds from a subject bank account at Chase Bank, account number ending in 8638.

- On or about July 17, 2009, defendant made a cash withdrawal of $9,900 of victim-purchaser funds from a subject bank account at Wells Fargo Bank, account number ending in 0908.

- On or about July 18, 2009, defendant made a cash withdrawal of $9,900 of victim-purchaser funds from a subject bank account at Wells Fargo Bank, account number ending in 0908.

## SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in Title 18, United States Code, Section 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other section 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level : | 8 | U.S.S.G. § 2S1.1(a)(2) |
| *Specific Offense Characteristics* | | |
| Loss Amount Exceeds $200,000, but Less Than $400,000 : | +12 | U.S.S.G. § 2B1.1(b)(1)(G) U.S.S.G. § 2S1.1(a)(2) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be

bound by the agreement to Sentencing Guideline factors set forth above.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

16. Defendant and the USAO further agree that defendant was arrested by Canadian authorities for participating in the conduct described in paragraph 11 above on January 15, 2012. Defendant remained in Canadian custody from January 15, 2012, until she was extradited on or about February 27, 2014, to the United States for the proceedings in this case. Defendant and the USAO agree to recommend at sentencing that defendant receive credit for her time in Canadian custody between January 15, 2012, and February 27, 2014, pursuant to Title 18, United States Code, Section 3585(b), because that custody was the result of the same offense conduct charged in this matter.

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel — and, if necessary, have the court appoint counsel — at trial. Defendant understands, however, that defendant retains the right to be

represented by counsel — and, if necessary, have the court appoint counsel — at every other stage of the proceeding.

    d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.   The right to confront and cross-examine witnesses against defendant.

    f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 30 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any

11

portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $350,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 24 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $350,000.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations

will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND PROBATION OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not

accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____     3-26-14
WESLEY L. HSU                 Date
Assistant United States Attorney
Chief, Cyber and Intellectual
Property Crimes Section

_____     March 20, 2014
MARINA TALASHKOVA             Date
Defendant

_____     March 20, 2014
PATRICK MCLAUGHLIN            Date
Attorney for Defendant
Marina Talashkova

16

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Russian, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in Title 18, United States Code, Section 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ Talashkova_  
MARINA TALASHKOVA  
Defendant

_March 20, 2014_  
Date

CERTIFICATION OF INTERPRETER

I, **ALEXANDER ARZOUMANIAN** am fluent in the written and spoken English and Russian languages. I accurately translated this entire agreement from English into Russian to defendant Marina Talashkova on this date.

_____     03.20.14
NAME:                                Date
Interpreter

18

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Marina Talashkova's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in Title 18, United States Code, Section 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_/s/ Patrick McLaughlin_                     March 20, 2014
PATRICK MCLAUGHLIN                            Date
Attorney for Defendant
Marina Talashkova